IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:18-mj-1083-JSA-1 |
| DESMOND MURRAY | : | |
| | : | |
| | : | |
| | : | |

# **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 31.) The Magistrate Judge recommends the denial of the Defendant's Motion to Dismiss With Prejudice. (Doc. 26.) The Defendant's Motion seeks the dismissal of the pending Criminal Complaint, on the grounds that the Government did not timely bring the indictment of Defendant as required under the Speedy Trial Act and as set forth in Magistrate Judge Larkins' Order setting forth the deadlines for filing the indictment. (Doc. 23.)

The R&R recommends the denial of the Defendant's Motion to Dismiss on two alternate grounds. First, Magistrate Judge Anand finds based upon his review of the record that the Government did not violate the Speedy Trial Act when it failed to meet the parties' agreed upon extended deadlines for the Government's issuance of the indictment that had been adopted by Magistrate Judge Larkins's Orders of March 18, 2019 and April 14, 2019. [Docs 11, 12, 21, 23.] Alternatively,

Magistrate Judge Anand recommends that even if the Court were to ignore the exclusions of time that he viewed as properly applied in the Speedy Trial calculations here and thereby find a violation of the Speedy Trial Act, he would recommend that the Complaint be dismissed without prejudice.

Defendant has filed objections to the R&R [Doc. 33] in which he makes the following arguments:

(1) The R&R incorrectly indicates that Mr. Murray was present at a meeting with the government.[1]

(2) The R&R erred in finding that that no speedy Trial Act violation had occurred as of April 24, 2019, or later, May 24, 2019, the successive deadlines provided by Magistrate Judge Larkins's Orders for the indictment's filing—or May 31, 2019 when the Defendant filed the Motion to Dismiss.

(3) The Magistrate Judge's Orders of March 18, 2019 and April 18, 2019 were intended to effectuate both the Magistrate Judge's and the parties' determination that "failure to file an indictment by those deadlines would result in dismissal of the complaint" and would constitute a violation of the Speedy Trial Act. The Magistrate Judge failed in giving effect to these Orders and the parties' agreement.

(4) "The circumstances of this case warrant dismissal with prejudice in light of the considerations set forth in 18 U.S.C. § 3161(a)." (Doc. 33.)

---

[1] The Government agrees that Defendant was not present at the meeting referenced. Defendant also seeks to correct the record as to the course of plea negotiations.

The Government's response brief to the objections (Doc. 34) urges the Court not to reach the questions entailed in the Speedy Trial Act calculation findings set forth in the R&R. Instead, the Government requests that the Court simply adopt the Magistrate Judge's findings as to the lack of prejudice arising from the missed deadline identified in the Magistrate Judge's Order of April 24, 2019 and conclude that the case should be dismissed without prejudice.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. Based on Defendant's substantive objections, the Court has reviewed the record and pending motion to dismiss in this case on a *de novo* basis.

After an independent *de novo* review of the record, the Court agrees with Magistrate Anand's assessment that even finding a Speedy Trial Act violation on the peculiar facts in this case "would at best be a confusing and close question. The legal ambiguity over whether a violation even exists – and the fact that this ambiguity resulted from the parties' mutual oversights of law" may counsel both against making a definitive ruling here as to the Speedy Trial Act issue and against dismissing the case with prejudice. (Doc. 31 at 12.) The parties appear to have made mutual errors in assessing the timelines applicable and failing to consider proper time exclusions. Magistrate Judge Larkins, in turn, adopted the parties'

3

timelines for the filing of the indictment identified in their motions. At very least, the Court observes that Magistrate Judge Larkins' court ordered final deadline for the filing of the indictment was not met or timely complied with by the Government. Based on the Government violation of the Magistrate Judge's Order establishing the deadline for the Government's filing of the indictment or alternatively the Defendant's debatable contention that the Government violated the Speedy Trial Act, the Court reviews the propriety of the Defendant's request that the Court dismiss the Government's Complaint with prejudice.

No probative evidence was offered to indicate that the Government's failure to meet the deadline was the result of bad faith manipulation of the plea negotiation and judicial process—as opposed to inadvertence and error. Similarly, the Defendant has not presented evidence that he has been substantively legally or personally prejudiced by the delay. Defendant is on bond and the delay period since May 24, 2019 is relatively short. Most of the delay since May 24, 2019 has been consumed in litigation of the Defendant's Motion to Dismiss and appeal of the R&R itself. No evidence has been presented demonstrating a withering or loss of evidence and witnesses in these last months. Nor has Defendant presented evidence of particularized or extraordinary personal distress or a material injustice associated with the several month delay.

Under all of the above circumstances, the Court concludes that dismissal of the Government's case with prejudice would be unfounded but that dismissal without prejudice, based on the Government's exceeding the indictment timeline

established by the Court's Order of April 18, 2019 (Doc. 23), offers the cleanest method of addressing the peculiar posture of the case. The Court therefore **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Magistrate Judge's Report and Recommendation. (Doc. 31.) Accordingly, the Court **OVERRULES** Defendant's objections (Doc. 33) and Defendant's Motion to Dismiss (Doc. 26) to the extent that they call for a finding that the Government violated the Speedy Trial Act. The Court thus **DECLINES TO ADOPT** the R&R (Doc. 33) to the extent it may be construed as requiring the Court's adoption of the Magistrate Judge's sua sponte speedy trial calculations and finding. The Court, however, **ADOPTS** the Magistrate Judge's alternative findings as to the Government's exceeding the May 24, 2019 indictment deadline set by Magistrate Judge Larkins and **DISMISSES** this case **WITHOUT PREJUDICE**.

    **IT IS SO ORDERED** this 13th day of September, 2019.

                                                 AMY TOTENBERG
                                                 UNITED STATES DISTRICT JUDGE